1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUSAN ANNETTE STORY,       ) | Case No. CV-09-5063-LRS |
|                    Plaintiff,   ) | |
|      v.                   ) | **ORDER** |
|                      ) | |
| JANET NAPOLITANO, in her   ) | |
| capacity as SECRETARY OF THE  ) | |
| DEPARTMENT OF HOMELAND   ) | |
| SECURITY OF THE UNITED     ) | |
| STATES OF AMERICA,         ) | |
|                      ) | |
|             Defendant.   ) | |

This matter came before the Court on the Parties' stipulation for entry of a
Protective Order regarding the handling of Sensitive Security Information (SSI)
during this litigation.  The Court, having considered the motion finds that the
stipulation is well taken.

**CONSENT PROTECTIVE ORDER PERTAINING TO
SENSITIVE SECURITY INFORMATION**

It is hereby ordered that the following Protective Order be entered in

accordance with Rule 26(c) of the Federal Rules of Civil Procedure and shall

hereafter govern the use, handling, and disposition of information, testimony or

documents obtained during discovery in the above captioned matter ("the

**ORDER -** 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Litigation"), which constitutes Sensitive Security Information ("SSI") as defined by 49 C.F.R. Part 1520.

1.    SSI is a specific category of information that requires protection against unauthorized disclosure pursuant to 49 U.S.C. § 114(r) and 49 C.F.R. Part 1520. Unauthorized disclosure of SSI may be detrimental to the security of transportation, may constitute an unwarranted invasion of personal privacy, or may reveal a trade secret or privileged or confidential commercial or financial information. Unauthorized disclosure may also result in a civil enforcement penalty or other enforcement action by the Transportation Security Administration ("TSA") against the party making the unauthorized disclosure. 49 C.F.R. § 1520.17.

2.    Access to SSI is limited to "covered persons" with a "need to know" as set forth in 49 C.F.R. § 1520.7 and § 1520.11.  Because the parties, their attorneys, the Court and its employees are "covered persons" "with a need to know" the SSI relevant to this case, this order permits the sharing through discovery in this civil action of relevant information and materials that are marked as SSI or may contain SSI, provided that the Plaintiff had access to such information during her employment with the Transportation Security Administration ("TSA") within the U.S. Department of Homeland Security.  The right of access to discovery materials marked as SSI or containing SSI shall be limited to the Court and its employees, the

Plaintiff, and counsel for the parties, paralegal, secretarial and clerical personnel in their employ.  Court reporters retained by the parties for purposes recording depositions and who have signed a TSA-approved Non-Disclosure Agreement may also have access to SSI.

3.      Discovery Material encompassed in this protective order includes, without limitation, deposition testimony, deposition exhibits, interrogatory responses, admissions, affidavits, declarations, documents produced pursuant to compulsory process or voluntarily in lieu of process, and any other documents or information produced or given to one party by another party or by a third party in connection with discovery in this matter.  Information taken from Discovery Material that reveals its substance shall also be considered Discovery Material.

4.      "Covered persons" have an express duty to protect against the unauthorized disclosure of SSI.  49 C.F.R. § 1520.9.  SSI must be safeguarded in such a way that it is not physically or visually accessible to persons who do not have a "need to know," as defined in 49 C.F.R. § 1520.11.  When unattended, SSI must be secured in a locked container or office, or other restricted access area.

5.      Documents that contain SSI may not be further disseminated to persons without a "need to know" except with written permission from TSA.  SSI must not

be disclosed by either party to any person or entity other than those enumerated in paragraph two.

6.     All documents subject to this Order shall be marked as follows: "Confidential: Subject to SSI Protective Order in <u>Susan Story v. Janet Napolitano</u>, Case No. CV-09-5063-LRS."   Documents containing SSI that inadvertently have not been marked as SSI still must be safeguarded against unauthorized disclosure.

7.     Documents that are marked SSI or, though not marked, contain SSI, shall be treated as confidential and shall <u>not</u> be published or made available to the general public in any form (whether in paper or electronic form), but instead shall be filed <u>under seal</u>.  Material filed under seal will be available only to the persons enumerated in paragraph two.

8.     Deposition testimony that may contain SSI should be so designated by verbal notice or written notice within 10 days of receipt of the transcript.  However, testimony containing SSI that is not designated, through mistake, nonetheless must be safeguarded against unauthorized disclosure.

9.     All hearings, or portions thereof, in which SSI may be disclosed, always shall be closed to the public.  If there is a possibility that SSI may be disclosed at trial, the courtroom shall be closed to the public during portions in which SSI may be disclosed.

**ORDER -** 4

10.    Plaintiff and Plaintiff's counsel may use SSI disclosed to them in this Litigation only for the purposes of the Litigation.  SSI may not be further disseminated, including to a jury, except with written permission from TSA.

11.    All documents subject to this Order in the possession of Plaintiff or Plaintiff's counsel shall be returned to the TSA within 60 days of termination of this litigation, including any appellate proceedings, or shall be certified in writing to TSA to have been destroyed by Plaintiff or Plaintiff's counsel.

12.    Nothing in this Order shall preclude any disclosure of documents subject to this Order to any Judge, Magistrate, or employee of the Court for purposes of this action.

13.    This Order is without prejudice to the rights of any party to make any objection to discovery or use of SSI, or documents that may contain SSI, permitted by the Federal Rules of Civil Procedure, or any statute, regulation, or other authority.

The District Court Executive is directed to enter this Order and forward copies to counsel.

Dated this 23rd day of  August , 2010.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

**ORDER -** 5