IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUSAN ANNETTE STORY,<br><br>                  Plaintiff,<br><br>    v.<br><br>JANET NAPOLITANO, in her capacity as SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY OF THE UNITED STATES OF AMERICA,<br><br>                  Defendant. | Case No. CV-09-5063-LRS<br><br>**SUPPLEMENTAL PROTECTIVE ORDER** |

      This matter came before the Court on the Parties' stipulation for entry of a Protective Order regarding the handling of information, documents, records, and things subject to the protection of the Privacy Act, 5 U.S.C. § 552a, or other federal, state, local or other law and/or regulation during this litigation. The Court, having considered the motion finds that the stipulation is well taken.

      IT IS HEREBY ORDERED AS FOLLOWS:

    1.    Defendant and Defendant's counsel are hereby authorized to release to Plaintiff and Plaintiff's counsel, information, documents, records, and things pertaining to certain present and former employees of the Department of Homeland Security, Transportation Security Administration ("TSA"), who worked at the Tri-

SUPPLEMENTAL PROTECTIVE ORDER - 1

Cities Airport in Pasco, Washington or the Pasco District of the TSA during the period of October 22, 2002 to November 9, 2005, who are mentioned in any internal management documents, administrative filings, grievance filings, investigations, or papers or documents or records of or pertaining to the Plaintiff, or who are mentioned in any EEO or discrimination filings, records, documents, or papers of or pertaining to the Plaintiff, which would otherwise be covered by the provisions of the Privacy Act, 5 U.S.C. § 552a, or other applicable federal, state, local or other law and/or regulation without obtaining the prior written or oral consent of those individuals for used throughout the course of this action, including trial and any appeals.  Said information, documents, records, and things include, but are not limited to:  medical records, psychiatric and psychological records, counseling records, alcohol and drug abuse treatment records, personnel records, payroll records, business records, performance and other evaluations, applications and/or requests for transfer or promotion, date of birth, EEO and discrimination and MSPB records, investigative records, disciplinary records and documents concerning possible disciplinary action, names and home addresses and/or contacts.  Similarly, Plaintiff and Plaintiff's counsel are authorized to release said information, documents, records, and things to Defendant and Defendant's counsel.

    2.     The Defendant and Defendant's counsel are authorized to file of public record with the Court all information, documents, records, and things subject to the protection of the Privacy Act, 5 U.S.C. § 552a, or other federal, state, local or other law and/or regulation which pertain to Plaintiff.  Accordingly, the Defendant is authorized to file of public record with the Clerk of the Court all information, documents, records, and things subject to the protection of the Privacy Act, 5 U.S.C. § 552a, or other federal, state, local or other law and/or regulation, which pertain

solely to the Plaintiff, without obtaining the prior written or oral consent of Plaintiff or her counsel. Any matters regarding Plaintiff's medical, emotional, psychological or related conditions, including counseling reports, reports of examination and testing conducted by either party, and reports from any medical, emotional, psychological or related treatment providers shall be filed under seal as provided for in paragraph 7 of this Order.

3. Plaintiff and Plaintiff's counsel shall not use the information, documents, records, or things described in paragraph 1 for any purpose other than to prepare for, prosecute, or defend the above-captioned action.

4. Plaintiff and Plaintiff's counsel agree to securely maintain the information, documents, records, and things described in paragraph 1.

5. Except as otherwise provided in this Order, or ordered by the Court, protected information contained in and derived solely from the protected documents, records, and things, as well as the protected documents, records, and things themselves, may be disclosed only to the following persons: (a) parties and counsel for the parties in this action; (b) partners, associates, secretaries, paralegal assistants, and employees of such counsel; (c) persons retained by said counsel to assist in pre-trial discovery, preparation for trial or to serve as expert witnesses; (d) persons with factual knowledge related to this case provided such disclosure is reasonably and in good faith calculated to aid in the litigation of this case; and (e) any deponent in this case during his or her deposition. All persons, other than those listed in (a) and (b) of this paragraph and court reporters, to whom any protected information, document, record or thing is shown must sign an acknowledgement form agreeing to comply with the terms and provisions of this Order; provided however, that no party shall be precluded from using protected information, documents, records, or things in this

litigation because of the refusal of anyone to sign the acknowledgement form. A copy of this acknowledgement form is attached hereto as Exhibit A. The signed acknowledgement forms need not be filed with the Court.

6. In addition to the disclosures allowed in paragraph 5, any information, documents, records, and things disclosed under this Order may be used at trial, in deposition, and included as text in and exhibits to motions, memoranda, and other pleadings and documents filed in this action as further explained in paragraph 7.

7. No protected information, document, record, or thing disclosed under this Order may be filed on the Court's public record, but instead must be filed under seal. This requirement shall not apply to the trial in this matter. Instead, at trial all relevant information, documents, records and things may be filed publicly.

8. Within 90 days after the conclusion of this action by settlement or adjudication (including appeals), Plaintiff's counsel shall deliver or mail all information, documents, records, and things (whether in paper, electronic or other forms) described in paragraph 1 (including originals and copies of and exhibits to depositions which include material subject to this Order, except depositions filed with the Court or entered into evidence) to the United States Attorney's Office for the Eastern District of Washington, Spokane, Washington, or alternatively shall destroy such material. If Plaintiff's counsel elects to destroy such material described in paragraph 1, then Plaintiff's counsel shall notify the Defendant's counsel in writing of said destruction within 30 days of their destruction.

9. Any attorney, party, designated agent, or expert witness or any other person who knowingly violates the terms of this Order may be punished for contempt of this Court.

SUPPLEMENTAL PROTECTIVE ORDER - 4

10. Neither the U.S. Department of Homeland Security, the U.S. Department of Justice, the United States Attorney's Office, nor any of their attorneys, officers or employees, shall bear any responsibility or liability for any unauthorized disclosure of any information, documents, records, or things by Plaintiff or Plaintiff's counsel either during or after the completion of this litigation.

11. This Order shall not affect any objection to discovery or admissibility into evidence that any party may have.

12. The parties to this Order may, on notice, apply to the Court for relief from or modification of any term or provision of this Order.

13. This Order shall survive the termination of this litigation.

14. The Court's Order dated August 23, 2010 (Docket No. 26) concerning Sensitive Security Information ("SSI") remains in full effect.

The District Court Executive is directed to enter this Order and forward copies to counsel.

Dated this 14th day of September, 2010.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

AGREED TO IN FORM
AND CONTENT:

| LIEBER, CONNOR, BERRY & St. HILAIRE | James A. McDevitt United States Attorney |

 s/ Ronald F. St. Hilaire                     s/ Rudy J. Verschoor
Ronald St. Hilaire                              Rudy J. Verschoor
Washington State Bar # 31713        Idaho State Bar # 5838
Attorney for Plaintiff                         Attorney for Defendant

SUPPLEMENTAL PROTECTIVE ORDER - 5